# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Cr. No.: 1:23-cr-10028 |
| vs. | ) 18 U.S.C. § 2 |
| | ) 18 U.S.C. § 1035 |
| ANDREW RUDIN, M.D., | ) |
| Defendant. | ) **Notice of Forfeiture** |

## INFORMATION

### THE UNITED STATES ATTORNEY CHARGES:

At all times material to this information:

1. The Defendant **ANDREW RUDIN, M.D.** was a physician licensed to practice medicine in the state of Tennessee, and held a registration number with the Drug Enforcement Administration ("DEA"), which permitted him to prescribe controlled substances.

2. Jeffrey Young was a nurse practitioner licensed to practice nursing in the state of Tennessee, and also held a registration number with the DEA, which permitted him, when appropriately supervised, to prescribe controlled substances.

### CONTROLLED SUBSTANCES

3. The Controlled Substances Act ("CSA") governed the

manufacture, distribution, and dispensing of controlled substances in the United States. With limited exceptions for medical professionals, the CSA made it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense a controlled substance or conspire to do so.

4. The CSA and its implementing regulations set forth which drugs and other substances were defined by law as "controlled substances," and assigned those controlled substances to one of five Schedules (Schedule I, II, III, IV, or V) depending on their potential for abuse, likelihood of physical or psychological dependency, accepted medical use, and accepted safety for use under medical supervision.

## TENNESSEE REGULATIONS AND THE DEFENDANT'S ROLE

5. The Tennessee State Board of Medical Examiners' ("TSBME") Division of Health Related Boards promulgated certain rules and regulations governing the supervision of nurse practitioners who wrote prescriptions for controlled substances.

6. Specifically, if a nurse practitioner prescribed a controlled substance, a supervising physician was required to make a personal review of the historical, physical, and therapeutic data every ten business days, and was further required to so certify by signature on the medical record of any such patient within thirty days.

7. In addition, a supervising physician was required to visit any remote site staffed by a nurse practitioner whom he was supervising at least once every thirty days.

8. The identity of each nurse practitioner's supervising physician was displayed on the TSBME's website, and the supervising physician's DEA registration number was recorded on the nurse practitioner's prescription pad.

9. Pharmacies in the state of Tennessee often refused to fill controlled substance prescriptions written by nurse practitioners who were not supervised by a supervising physician.

10. Blue Cross Blue Shield of Tennessee ("BCBST") was a health care benefit program, pursuant to Title 18, United States Code, Section 24(b).

11. BCBST, like other health care benefit programs, would not reimburse claims for services that had been provided by – or controlled substances that had been prescribed by – a nurse practitioner without the proper supervision of a supervising physician.

12. The Defendant directly and indirectly provided his DEA registration number to Jeffrey Young in June 2016 and allowed Jeffrey Young to place Defendant's DEA registration number on Jeffrey Young's

prescription pads as the supervising physician for Jeffrey Young's prescriptions.

13. In July 2016, the Defendant executed a supervision agreement purporting to supervise Jeffrey Young.

14. During the time that the Defendant purported to be supervising Jeffrey Young, Jeffrey Young prescribed controlled substances with a street value totaling between $3 million and $9.5 million.

15. The Defendant received approximately $1,000 from Jeffrey Young for his role as supervising physician.

## THE FALSE STATEMENT

16. In July 2016, the Defendant signed a contract purporting to be a supervising physician and otherwise held himself out as a supervising physician, knowing that he was not providing any actual supervision of Jeffrey Young. He did this with the knowledge and understanding that this false statement would be used to permit Jeffrey Young to prescribe controlled substances and to bill insurance companies.

## COUNT 1
### FALSE STATEMENTS RELATED TO HEALTH CARE MATTERS
### (18 U.S.C. § 1035)

17. Paragraphs 1 through 16 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

4

18. On or about July 19, 2016, in the Western District of Tennessee, and elsewhere,

**ANDREW RUDIN, M.D.,**

in connection with the delivery of and payment for health care benefits, items, and services, and in a matter involving BCBST and other health care benefit programs affecting commerce as defined by Title 18 United States Code Section 24(b), did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations, and make and use materially false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, to wit, he signed a document purporting to name himself as the supervising physician for Jeffrey Young when, in reality, he knew he would not be providing any actual supervision, and further permitted Jeffrey Young to affix his DEA number to controlled substance prescriptions, knowing also that his false statement would permit Jeffrey Young to prescribe controlled substances and to bill insurance companies.

In violation of Title 18, United States Code, Sections 1035 and 2.

## NOTICE OF CRIMINAL FORFEITURE

### (18 U.S.C. § 982)

19. The allegations contained in Paragraphs 1 through 18 of this

Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982.

20. Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of an offense in violation of Title 18, United States Code, Section 1035, a Federal health care offense, the defendant,

**ANDREW RUDIN, M.D.,**

shall forfeit to the United States of America, all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds of the violation, including but not limited to a sum of money equal to the amount of the gross proceeds of the offense. The property to be forfeited is a money judgment in the amount of $1,000.

**THE UNITED STATES OF AMERICA**

DATED: March 22, 2023

_____
**VICTOR L. IVY,**
**ASSISTANT UNITED STATES ATTORNEY**

_____
**GLENN LEON**
**CHIEF, FRAUD SECTION**

**By: Katherine Payerle**
**Assistant Chief, Fraud Section**

6